■ In the Matter of AMBER AA. and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBRA AA., Appellant. NORBERT A. HIGGINS, as Law Guardian, Appellant. [754 NYS2d 387] —Lahtinen, J. Appeal from an order of the Family Court of

Broome County (Ray, J.), entered December 12, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to revoke a suspended judgment, and terminated respondent's parental rights.

Respondent is the mother of Amber AA. (born in 1986), Peter AA. (born in 1989) and Toni AA. (born in 1991). In December 1996, petitioner filed a neglect petition against respondent,[1] and the children were placed in foster care. The neglect petition was adjourned in contemplation of dismissal (hereinafter ACD), but was restored to Family Court's calendar in August 1997 based upon allegations by petitioner that respondent failed to comply with the terms of the ACD. In December 1997, Family Court found that respondent had neglected the children and directed that the custody and placement of the children remain with petitioner.

Petitioner subsequently filed a petition in November 1999 alleging that the children, who had been in continuous foster care since December 1996, were permanently neglected. In January 2000, respondent stipulated to an order and disposition of permanent neglect that included a 12-month suspension of the judgment. The suspended judgment set forth sundry conditions with which respondent was required to comply or the suspension would be revoked. Petitioner reviewed respondent's progress in June 2000 and reported positively thereon. The children were permitted to live with her commencing in the summer of 2000. In December 2000, petitioner sought and was granted a six-month extension of the suspended judgment. In March 2001, however, visits to respondent's residence revealed, inter alia, the youngest child home alone and burning papers in the residence, clothes left to dry by respondent in front of an open and operating oven while a child was home alone, and general unclean conditions. The children were returned to foster care and, in June 2001, petitioner requested Family Court to revoke the suspended judgment, alleging that respondent had failed to comply with various conditions contained therein.

At the revocation hearing, several social service providers testified that they believed the conditions in the suspended judgment were unrealistic and overwhelmed respondent. These witnesses were also critical of petitioner's primary caseworker whom they described as uncooperative, holding unrealistic expectations and attempting to impose her own value system

---

1. The neglect petition was also filed against respondent's husband, who is currently incarcerated and voluntarily surrendered his parental rights regarding the children in October 2001.

on respondent. There was also testimony from social service providers expressing concern about the impact on the children of terminating respondent's parental rights and, although acknowledging room for vast improvement, they felt respondent was progressing. While attempts to elicit testimony regarding the feasibility of adoption for the children was cut short upon the sustained objection of petitioner's counsel, there was some testimony indicating that, because of the age of the children and behavioral problems, adoption was an unlikely alternative. Efforts by respondent's counsel to elicit information about respondent's progress and circumstances pertaining to the children were often thwarted by sustained objections from petitioner's counsel, who maintained that evidence should be limited to events occurring between the extension of the suspended judgment (December 2000) and the filing of the revocation petition (June 2001) and also that evidence directed toward the best interests of the children was not relevant at the revocation hearing. Following the hearing, Family Court revoked the suspended judgment and terminated respondent's parental rights. Respondent and the Law Guardian appeal.

It is uncontested that respondent failed to comply with some of the conditions of the suspended judgment. Respondent and the Law Guardian, however, argue that the best interests of the children were not adequately considered or addressed in the hearing and subsequent determination revoking the suspended judgment. Petitioner contends that, since the best interests of the children were considered as part of the stipulated suspended judgment, it was not necessary to revisit the issue at a hearing regarding violations of the conditions of the suspended judgment.

A suspended judgment affords a parent who has been found to have permanently neglected a child an additional opportunity to complete goals necessary for reuniting with the child (see Matter of Michael B., 80 NY2d 299, 311; Matter of Angela LL., 287 AD2d 823, 824). When noncompliance with the suspended judgment is shown by a preponderance of the evidence, the suspended judgment may be revoked (see Matter of Jonathan P., 283 AD2d 675, 676, lv denied 96 NY2d 717; Matter of Kaleb U., 280 AD2d 710, 712). The best interest of the child, however, remains relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment (see Matter of Nicole Lee B., 256 AD2d 1103, 1104; see also Matter of Nicole OO., 262 AD2d 808, 810; Matter of Kenneth A., 206 AD2d 602, 604). Since the best inter-

est of the child is addressed at the dispositional hearing[2] prior to entry of a suspended judgment and the conditions imposed in a suspended judgment are directed at establishing an environment conducive to the best interest of the child, a finding that a parent has violated those conditions generally points to the conclusion that termination of parental rights is, in fact, in the best interest of the child (*see Matter of Shawna DD.*, 289 AD2d 892, 894; *Matter of Kenneth A., supra* at 604). However, in the unusual situation where, despite noncompliance with the suspended judgment, it becomes apparent at the revocation hearing that termination of parental rights may no longer be in the best interests of the children, the noncompliance does not compel revocation of the parental rights (*see Matter of Nicole Lee B., supra; see also* 22 NYCRR 205.50 [d] [4] ["if, after a hearing, the court is satisfied that the allegations of the petition have been established, the court *may modify, revise* or revoke the order of suspended judgment" (emphasis added)]).

Here, although the children had spent several years in foster care, they continued throughout such time to maintain significant contact with respondent. A foster parent of Amber and Toni during 2000 stated that the girls spoke with their mother on the telephone virtually every day and characterized the communication as positive. Visits by respondent with the children were marked by affection. Petitioner acknowledged that the children love their mother and she loves the children. Significantly, the Law Guardian stated that the children are "very firm and very clear" that they do not want to be adopted. Amber's consent would be necessary for an adoption because of her age (*see Matter of Miguel Angel Andrew R.*, 263 AD2d 354). Amber and Toni are very closely bonded and the prospect of splitting them may not be in Toni's best interest. Petitioner has had problems finding foster care for Peter because of his behavior problems and such fact, together with his age of 13 and his opposition to adoption, do not bode well for finding adoptive parents for him. Indeed, the Law Guardian characterized the condition in which the children have been placed as "legal orphanage." While it is apparent that respondent is not yet ready to resume custody of the children and long-term foster care is not favored (*see Matter of Amanda C.*, 281 AD2d 714, 717, *lv denied* 96 NY2d 714), such an arrangement should not be foreclosed if it will, under narrow and unusual circumstances, foster the best interests of the children (*see Matter of Michael E.*, 241 AD2d 635; *see also Matter of Miguel Angel*

---

2. It merits noting that, in the current case, the dispositional hearing had been waived as part of the stipulation to a suspended judgment.

*Andrew R., supra*). Several attempts to introduce evidence bearing on the issue of the best interests of the children were cut short at the hearing. Moreover, Family Court's decision, while mentioning the children's best interests, fails to provide an explanation as to how their best interests are being served by terminating respondent's parental rights. Accordingly, we conclude that the matter must be remitted to Family Court for further proceedings directed toward discerning the best interests of the children (*see Matter of Nicole Lee B., supra*).

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as terminated respondent's parental rights, and matter is remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.