■ In the Matter of SHDELL SHAKELL L., Also Known as SHDELL L. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; SANDRA S., Appellant. [858 NYS2d 779]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals from so much of an order of fact-finding and disposition of the Family Court, Richmond County (McElrath, J.), dated October 17, 2006, as, after a fact-finding and dispositional hearing, revoked an order of suspended judgment entered January 6, 2005, terminated her parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof terminating the mother's parental rights and transferring guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a new dispositional hearing and a new disposition thereafter in accordance herewith.

In this proceeding to terminate parental rights, the Family Court properly determined that the mother violated some of the terms of the suspended judgment (*see Matter of Amber AA.*, 301 AD2d 694, 697 [2003]). On the particular facts of this case, however, the Family Court improvidently exercised its discretion in revoking the order of suspended judgment and terminating the mother's parental rights because neither was in the child's best interest. The hearing testimony established that the mother was making progress in a residential drug treatment program, that she continued to visit with the child and to have nightly telephone calls with him, that she and the child had a loving relationship, and that the child did not want to be adopted (*id.*; *see Matter of Nicole Lee B.*, 256 AD2d 1103, 1104 [1998]; *see also Matter of Londel Chavis C.*, 41 AD3d 843, 845 [2007]; *Matter of Marc David D.*, 20 AD3d 565, 567 [2005]). Accordingly, we remit the matter to the Family Court, Richmond County, for a new dispositional hearing to determine whether it is in the child's best interest to remain in foster care or to be returned to his mother, and a new disposition thereafter. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.