In the Matter of SAMUEL FABIEN G. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; ROBERT EARL G., Appellant. (Proceeding No. 1.) In the Matter of SETH EARL G. ADMINISTRATION FOR CHILDREN's SERVICES, et al., Respondents; ROBERT EARL G., Appellant (Proceeding No. 2.) [861 NYS2d 369]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition of the Family Court, Kings County (Pearl, J.) (one as to each child), both dated July 17, 2006, as, after fact-finding and dispositional hearings, found that he permanently neglected the subject children, terminated his parental rights, and transferred guardianship and custody of the subject children to the Children's Aid Society and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are modified, on the law and the facts, by deleting the provisions thereof terminating the father's parental rights and transferring guardianship and custody of the subject children to the Children's Aid Society and the Commissioner of Social Services of the City of New York for the purpose of adoption; as so modified, the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements, the

findings of permanent neglect remain in effect, and the proceedings are remitted to the Family Court, Kings County, for dispositional hearings in accordance herewith.

Contrary to the father's contention, the agency demonstrated by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the relationship between the father and the subject children (hereinafter the children) (*see* Social Services Law § 384-b [7] [a]; *Matter of Darlene L.,* 38 AD3d 552, 555 [2007]; *Matter of Liam Francis P.,* 26 AD3d 385, 386 [2006]), but that despite the agency's efforts, the father failed to plan for the children's future (*see Matter of Arriola Nicole S.,* 45 AD3d 407, 408 [2007]; *Matter of Ray A.,* 30 AD3d 410, 411 [2006]). Thus, the Family Court properly found that the father permanently neglected the children.

However, under the circumstances of this case, we agree with the conclusion of the attorney for the children that termination of the father's parental rights may not be warranted. Based upon new facts and allegations which this Court may properly consider (*see Matter of Michael B.,* 80 NY2d 299, 318 [1992]; *Matter of Marc David D.,* 20 AD3d 565, 567 [2005]), including the allegation that there is no adoptive resource presently available for either of the children, that both children are now 12 years old, and that the child Samuel has expressed a clear desire to return to the father's care, it is not clear that termination of the father's parental rights is in the children's best interest (*see Matter of Marc David D.,* 20 AD3d 565 [2005]; *Matter of Dominique A.W.,* 17 AD3d 1038 [2005]; *Matter of Amber AA.,* 301 AD2d 694, 697-698 [2003]; *Matter of Miguel Angel Andrew R.,* 263 AD2d 354 [1999]). Accordingly, the proceedings are remitted to the Family Court, Kings County, for dispositional hearings to determine the best interests of the children. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.