■ In the Matter of DIANTE B., Also Known as D'IANTE J., an Infant. MERCYFIRST et al., Respondents; KELLY B., Appellant. [903 NYS2d 921]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from a resettled order of fact-finding and disposition of the Family Court, Kings County (Hamill, J.), dated May 11, 2009, which, after a fact-finding hearing, found that she is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject child, terminated her parental rights, and transferred guardianship and custody of the child to Mercyfirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the resettled order is affirmed, without costs or disbursements.

The Family Court properly found that the petitioner Mercy-

first established, by clear and convincing evidence, that the mother is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the subject child (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Justin Ja-Cquan G.*, 41 AD3d 716 [2007]). The uncontroverted testimony of the Mental Health Services psychologist revealed that the mother had subaverage intellectual functioning that originated in her childhood, impaired adaptive functions, and impaired parental capacity, and that because of her mental retardation, the subject child would be in danger of becoming neglected if he were returned to her care (*see* Social Services Law § 384-b [6] [b]; *Matter of Mercedes W.R. [Ellen C.]*, 69 AD3d 638 [2010]; *Matter of Josh M.*, 61 AD3d 1366 [2009]; *Matter of Amanda Ann B.*, 38 AD3d 537, 537-538 [2007]).

Although the attorney for the child has raised new facts and allegations, which this Court may properly consider (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Samuel Fabien G.*, 52 AD3d 713, 714 [2008]), they do not warrant remittal for a dispositional hearing as to whether termination of the mother's parental rights is in the best interests of the subject child (*see Matter of Charles FF.*, 44 AD3d 1137, 1139 [2007]; *Matter of Tyesha W.*, 259 AD2d 349 [1999]; *Matter of Roselyn Mercedes F.*, 238 AD2d 222 [1997]; *cf. Matter of Samuel Fabien G.*, 52 AD3d at 714). Dillon, J.P., Miller, Eng and Chambers, JJ., concur.