In the Matter of KRYSTAL B. and Others, Permanently Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS B., Appellant. (Proceeding No. 1.) In the Matter of KRYSTAL B. and Others, Permanently Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEIDI Z., Appellant. (Proceeding No. 2.) [909 NYS2d 785]—

Malone Jr., J. Appeals from two orders of the Family Court of Schenectady County (Assini, J.), entered October 19, 2009, which, among other things, in two proceedings pursuant to Social Services Law § 384-b, granted petitioner's motions to revoke suspended judgments and terminate respondents' parental rights.

In November 2007, Family Court adjudicated the three children of respondent Thomas B. and respondent Heidi Z. to be permanently neglected based upon the admissions of both parties. Respondents consented to the entry of suspended judgments, which required respondents to, among other things, cooperate with substance abuse treatments, submit to random drug screening and attend every scheduled visitation session with the children or provide a documented excuse for missing such. In March 2008, petitioner moved to revoke the suspended judgments, alleging that respondents were not complying with the terms and conditions of those judgments. After a hearing, at which both respondents admitted to their noncompliance, Family Court revoked the suspended judgments and terminated their parental rights. Respondents appeal.

It is not disputed that both respondents failed to comply with certain terms and conditions of their respective suspended judgments by failing to submit to random drug screening, missing visits with the children without providing documentation and not attending counseling. However, a parent's violation of the terms of a suspended judgment does not automatically result in

the termination of his or her parental rights (*see* 22 NYCRR 205.50 [d] [4]). Indeed, "[t]he best interest of the child . . . [is] relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment" (*Matter of Amber AA.*, 301 AD2d 694, 696 [2003]), and a disposition shall be determined solely on that basis (*see* Family Ct Act § 631). On this record, it is not readily apparent that Family Court adequately considered the best interests of the children before terminating respondents' parental rights. At the revocation hearing, Family Court did not allow testimony from the foster care agencies' representatives regarding the children's status or progress in their placements and questioned the relevance of such testimony.

Further, on the record as it exists, it is not clear that the children's best interests are served by terminating respondents' parental rights. Notably, both respondents expressed a desire to regain custody of the children and provided testimony that mitigated their noncompliance with the terms of the suspended judgments, including that they refused to submit to the random drug screening on the advice of counsel representing them in a related personal injury action against petitioner.* The testimony established that respondents called their caseworker with reasons for missing visits but that the caseworker did not request written documentation, and that respondents had trouble securing appropriate counseling programs and did not receive any assistance from petitioner. Petitioner's caseworker and the representatives from each foster care agency verified that petitioner stopped providing services to respondents once the permanent neglect proceedings were commenced.

Under the particular circumstances of this case, and absent adequate evidence of the children's relationships with their parents, their progress in their placements, the effect that the termination of respondents' parental rights will have on them and their prospects for adoption, the matters must be remitted to Family Court for a full dispositional hearing to discern the best interests of the children (*see Matter of Jordan Amir B.*, 15 AD3d 477, 479 [2005]; *Matter of Amber AA.*, 301 AD2d at 697-698).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by reversing so much thereof as terminated respondents' parental rights; matters remitted to the Family Court of Schenectady County for further proceedings not inconsistent

* Apparently, the action was commenced to recover for serious injuries sustained by their youngest child while in petitioner's custody.

with this Court's decision and, pending said proceedings, respondents are to abide by the terms and conditions of the suspended judgment; and, as so modified, affirmed.