■ In the Matter of PHOENIX D.A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSIE A., Appellant. [998 NYS2d 214]—

Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), entered April 11, 2013. The order, insofar as appealed from, upon a decision dated April 11, 2013, made after a hearing, in effect, revoked a suspended judgment, and terminated the mother's parental rights. The notice of appeal dated April 30, 2013, is deemed to be a notice of appeal from the order of fact-finding and disposition (*see* CPLR 5512 [a]).

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new dispositional hearing and a new disposition thereafter.

In September 2012, the Suffolk County Department of Social Services instituted this proceeding to terminate the mother's parental rights, based upon her permanent neglect of the subject child. On December 18, 2012, the mother consented to a finding of permanent neglect, and a suspended judgment for a six-month period was entered. The suspended judgment required the mother to cooperate in seeking drug abuse treatment,

submit to drug testing, and remain drug free. In March 2013, prior to the expiration of the suspended judgment, a violation petition was filed, seeking revocation of the suspended judgment and termination of the mother's parental rights on the ground that the mother had tested positive for drugs. After a hearing, the Family Court revoked the suspended judgment and terminated the mother's parental rights. The mother appeals.

The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence adduced, that the parent failed to comply with one or more of the conditions of the suspended judgment (*see Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534 [2013]). The best interests of the child, however, remain relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment (*see Matter of Shdell Shakell L.*, 51 AD3d 1027, 1028 [2008]). Here, the preponderance of the evidence supported a finding that the mother failed to comply with certain conditions set forth in the suspended judgment. However, the evidence did not support the Family Court's conclusion that it was in the best interest of the child to terminate the mother's parental rights. Although the child had spent several years in foster care, the child was not residing in a preadoptive home, and there was no indication that termination would increase the child's opportunities for adoptive placement. Further, the testimony elicited at the hearing demonstrated that the mother genuinely loves the child and that there is a strong bond between the child and his mother. The mother faithfully adhered to the twice-a-week visitation schedule. She acted appropriately with the child during those visits, and the child enjoyed the visits. A caseworker characterized the relationship between the mother and the child as positive. Moreover, the mother took steps to address her drug dependency, and expressed a willingness to participate in another drug program. While it is apparent that the mother was not yet ready to resume custody of the child, and long-term foster care is not favored, under these facts, we find that termination of the mother's parental rights was not in the best interests of the child. Accordingly, we remit the matter to the Family Court, Suffolk County, for a new dispositional hearing to determine the best interests of the child (*see Matter of Timmia S. [Timmie S.]*, 111 AD3d 838 [2013]; *Matter of Arianna I. [Roger I.]*, 100 AD3d 1281 [2012]; *Matter of Krystal B. [Thomas B.]*, 77 AD3d 1110 [2010]; *Matter of Samuel Fabien G.*, 52 AD3d 713 [2008]; *Matter of Shdell Shakell L.*, 51 AD3d at 1028; *Matter of Jordan Amir B.*, 15 AD3d 477 [2005]), and a new determination thereafter. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.