■ In the Matter of PHOENIX D.A. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSIE A., Appellant. [38 NYS3d 437]—Appeal by the mother from an order of disposition of the Family Court, Suffolk County (David Freundlich, J.), entered March 17, 2015. The order, insofar as appealed from, upon a decision dated March 17, 2015, made after a hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Suffolk County Department of Social Services commenced this proceeding to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The mother consented to a finding of permanent neglect, and a suspended judgment was entered. Prior to the expiration of the suspended judgment, a violation petition was filed seeking revocation of the suspended judgment and termination of the mother's parental rights. After a hearing, the Family Court revoked the suspended judgment and terminated the mother's parental rights. On appeal, this Court reversed and remitted the matter for a new dispositional hearing to determine the best interests of the child and a new determination thereafter (*see Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823 [2014]). After conducting a new dispositional hearing, the Family Court

determined that it was in the child's best interests to terminate the mother's parental rights and free him for adoption. The mother appeals.

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the child (see Family Ct Act § 631; Matter of Ashey Lorraine R., 22 AD3d 671, 672 [2005]; Matter of Crystal C., 219 AD2d 601, 602 [1995]). Here, the evidence at the new dispositional hearing established, by a preponderance of the evidence, that it was in the child's best interests to terminate the mother's parental rights and free him for adoption. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.