■ In the Matter of ISABELLA M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; BENIDA M., Respondent. (Proceeding No. 1.) In the Matter of JOSEPH G., Appellant. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENIDA M., Respondent. (Proceeding No. 2.) (And Another Proceeding.) [47 NYS3d 466]—

Appeal by the child Joseph G. from an order of the Family Court, Orange County (Carol S. Klein, J.), entered May 25, 2016. The order, insofar as appealed from, after a hearing, revoked an order of suspended judgment of that court dated April 9, 2012, with respect to the mother, and terminated the mother's parental rights as to the subject child.

Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new dispositional hearing and a new disposition thereafter.

In 2011, the Orange County Department of Social Services (hereinafter DSS) commenced this proceeding to terminate the mother's parental rights based upon her permanent neglect of the subject child. The mother consented to a finding of permanent neglect, and an order of suspended judgment for a one-year period was issued on April 9, 2012. The order of suspended judgment required the mother to cooperate in seeking drug abuse treatment, submit to drug testing, and remain drug free. Several violation petitions were filed, and the Family Court repeatedly extended the period of the suspended judgment.

In November 2015, DSS moved to revoke the order of suspended judgment. The application was supported by the affidavit of a caseworker who averred that the mother had been directed by the Family Court to attend individual and family counseling and to follow through with caseworker recommendations. The mother failed to comply, and her case at the counsel-

ing center was closed due to her lack of compliance. After a hearing, the Family Court revoked the order of suspended judgment and terminated the mother's parental rights. The child appeals.

"The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence adduced, that the parent failed to comply with one or more of the conditions of the suspended judgment" (*Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823, 824 [2014]; *see Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534, 534 [2013]). "The best interests of the child, however, remain relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment" (*Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d at 824; *see Matter of Shdell Shakell L.*, 51 AD3d 1027, 1028 [2008]).

Here, the preponderance of the evidence supported a finding that the mother failed to comply with certain conditions set forth in the order of suspended judgment. However, the evidence did not support the Family Court's conclusion that it was in the best interests of the child to terminate the mother's parental rights. The child was residing in a treatment facility and there was no indication that termination would increase the child's opportunities for adoptive placement. Further, the testimony demonstrated that the mother and the child have a strong bond, which the court characterized as the child's "lifeline," and that the child looks forward to visits from the mother. Under these circumstances, we find that termination of the mother's parental rights was not in the best interests of the child. Accordingly, we remit the matter to the Family Court, Orange County, for a new dispositional hearing to determine the best interests of the child, including the continuation of the mother's supervised visitation at the facility where the child resides (*see Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d at 824; *Matter of Timmia S. [Timmie S.]*, 111 AD3d 838 [2013]; *Matter of Arianna I. [Roger I.]*, 100 AD3d 1281 [2012]; *Matter of Krystal B. [Thomas B.]*, 77 AD3d 1110 [2010]; *Matter of Samuel Fabien G.*, 52 AD3d 713 [2008]; *Matter of Shdell Shakell L.*, 51 AD3d at 1028; *Matter of Jordan Amir B.*, 15 AD3d 477 [2005]), and a new disposition thereafter. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.