Matter of Skyler G. (Heather G.) (2018 NY Slip Op 00288)





Matter of Skyler G. (Heather G.)


2018 NY Slip Op 00288


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-10312
 (Docket Nos. B-4175-14, B-4176-14)

[*1]In the Matter of Skyler G. (Anonymous). Dutchess County Department of Social Services, respondent; Heather G. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Sarah G. (Anonymous). Dutchess County Department of Social Services, respondent; Heather G. (Anonymous), appellant. (Proceeding No. 2)


Thomas N.N. Angell, Poughkeepsie, NY (Lawrence M. Moore of counsel), for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Richard A. Ott of counsel), for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 31, 2016. The order, after a hearing, found that the mother violated the terms of a prior order of suspended judgment and that it would be in the best interests of the subject children to terminate the mother's parental rights, revoked the suspended judgment, terminated the mother's parental rights, and transferred guardianship and custody of the subject children to the Dutchess County Department of Community and Family Services for the purpose of adoption.
ORDERED that the order is modified, on the facts, by deleting the provisions thereof revoking the suspended judgment, terminating the mother's parental rights, and transferring guardianship and custody of the subject children to the Dutchess County Department of Community and Family Services for the purpose of adoption; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a new dispositional hearing and a new disposition thereafter in accordance herewith.
In July 2014, the petitioner commenced this proceeding to terminate the mother's parental rights based on her permanent neglect of the subject children. On March 26, 2015, the mother admitted to permanently neglecting the children and consented to an order of disposition suspending judgment for one year upon stated terms and conditions. The suspended judgment, inter alia, required the mother to have ongoing involvement in a specified parenting class and, during [*2]visitation, to refrain from discussing with the children when they might be coming home. On July 15, 2015, the petitioner filed a motion alleging that the mother violated the terms of the suspended judgment and seeking revocation of the suspended judgment and termination of the mother's parental rights. After a hearing, the Family Court revoked the suspended judgment and terminated the mother's parental rights. The mother appeals.
The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (see Family Ct Act § 633[f]; Matter of Phoenix D.A. [Jessie A.], 123 AD3d 823, 824; Matter of Kimble G., II [Kimble G.], 108 AD3d 534; Matter of Gerald M., 112 AD2d 6). The best interests of the children, however, remain relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment (see Family Ct Act § 631; Matter of Phoenix D.A. [Jessie A.], 123 AD3d at 824; Matter of Shdell Shakell L., 51 AD3d 1027, 1028). Here, a preponderance of the evidence supported a finding that the mother failed to comply with certain conditions set forth in the suspended judgment. However, the evidence did not support the Family Court's conclusion that it was in the best interests of the children to terminate the mother's parental rights (see Matter of Phoenix D.A. [Jessie A.], 123 AD3d at 824; Matter of Shdell Shakell L., 51 AD3d at 1028).
Although the children had spent several years in foster care, throughout most of the hearing they were living in a residential children's home. During the course of the hearing, the children were placed in a pre-adoptive foster home together. However, one child was removed from that home and placed back into residential care prior to the Family Court's determination. Moreover, the testimony elicited at the hearing demonstrated that the children emphatically wanted to be with the mother, that the mother regularly visited with the children until the court suspended all contact, and that there is a strong bond between the children and their mother. Further, the mother had not used illegal substances for a substantial period of time, was committed to her recovery, regularly attended AA meetings, completed programs related to issues of anger and domestic violence, obtained an order of protection against her abuser, and engaged in mental health treatment. In addition, while the court determined that the mother violated the terms of the suspended judgment, in large part, based on a finding that she failed to comply with a provision mandating ongoing involvement in a specified parenting class, the mother completed that class prior to the conclusion of the hearing.
Under these facts, we find that termination of the mother's parental rights was not in the best interests of the children (see Matter of Phoenix D.A. [Jessie A.], 123 AD3d at 824; Matter of Shdell Shakell L., 51 AD3d at 1028; Matter of Nicole Lee B., 256 AD2d 1103, 1104).
The mother's remaining contentions are without merit.
Accordingly, we remit the matter to the Family Court, Dutchess County, for a new dispositional hearing to determine the best interests of the children and a new disposition thereafter.
MASTRO, J.P., COHEN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court