Matter of Isabella M. (Benida M.) (2018 NY Slip Op 02469)





Matter of Isabella M. (Benida M.)


2018 NY Slip Op 02469


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-08231
 (Docket Nos. B-6121-11/15C, B-6122-11/15C, B-6123-11/15C)

[*1]In the Matter of Isabella M. (Anonymous). Orange County Department of Social Services, petitioner; Benida M. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Joseph G. (Anonymous), appellant. Orange County Department of Social Services, petitioner-respondent; Benida M. (Anonymous), respondent-respondent. (Proceeding No. 2)
In the Matter of Santiago A. (Anonymous), Jr. Orange County Department of Social Services, petitioner; Benida M. (Anonymous), respondent. (Proceeding No. 3)


Richard N. Lentino, Middletown, NY, attorney for the child, the appellant Joseph G.
Langdon C. Chapman, County Attorney, Goshen, NY (Christine Foy Stage of counsel), for petitioner-respondent.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, the child Joseph G. appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated July 21, 2017. The order, insofar as appealed from, upon remittitur from this Court by decision and order dated February 22, 2017, and after a hearing, limited the mother's supervised visitation with the child Joseph G. to weekly telephone contact for no more than 15 minutes and one letter per month.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
This is a proceeding to terminate the mother's parental rights based upon her permanent neglect of the subject child, Joseph G. The mother consented to a finding of permanent neglect. On a prior appeal, this Court, inter alia, remitted the matter to the Family Court, Orange [*2]County, for a new dispositional hearing to determine the best interests of the child, including the continuation of the mother's supervised visitation at the facility where the child resides (see Matter of Isabella M. [Benida M.], 147 AD3d 1061). Following a hearing, the Family Court limited the mother's supervised visitation with the child to weekly telephone contact for no more than 15 minutes and one letter per month. The child appeals.
" [T]he determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record'" (Matter of Smith v Dawn F.B., 88 AD3d 729, 729, quoting Matter of Lane v Lane, 68 AD3d 995, 997). Here, the Family Court's determination has a sound and substantial basis in the record and, thus, will not be disturbed.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court