Matter of Cecilia P. (Carlenna Q.) (2018 NY Slip Op 04993)





Matter of Cecilia P. (Carlenna Q.)


2018 NY Slip Op 04993


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524763

[*1]In the Matter of CECILIA P., a Permanently Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLENNA Q., Appellant.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
Jehed F. Diamond, Delhi, attorney for the child.



MEMORANDUM AND ORDER
Devine, J.P.
Appeal from an order of the Family Court of Delaware County (Northrup Jr., J.), entered March 16, 2017, which, among other things, in a proceeding pursuant to Social Services Law § 384-b, granted petitioner's motion to revoke a suspended judgment and terminated respondent's parental rights.
Respondent is the mother of a child (born in 2012) who has been in petitioner's care and custody since 2014. Petitioner subsequently commenced this permanent neglect proceeding against respondent and the child's father seeking to terminate her parental rights. In 2016, respondent and the child's father entered into a stipulation in which she made admissions of permanent neglect and consented to an order of fact-finding and disposition with a suspended judgment set to expire in February 2017. Petitioner moved to revoke the suspended judgment in July 2016 and filed a second motion to that effect in October 2016 [FN1]. Following a fact-finding [*2]hearing, Family Court revoked the suspended judgment and terminated respondent's parental rights. Respondent now appeals.
A suspended judgment is intended to provide a parent who has permanently neglected his or her child with a brief period within which to become a fit parent that the child can be returned to in safety (see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]; Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016], lv denied 29 NY3d 901 [2017]). "A parent's noncompliance with the terms of the suspended judgment during this grace period, if established by a preponderance of the evidence, may end with revocation of the suspended judgment and termination of his or her parental rights" (Matter of Joseph QQ. [Karissa RR.], 161 AD3d 1252, 1252 [2018], lv denied ___ NY3d ___ [June 27, 2018]; see Matter of Jerhia EE. [Benjamin EE.], 157 AD3d at 1018; Matter of Hazel OO. [Roseanne OO.], 133 AD3d 1126, 1127 [2015]).
Family Court determined, and we agree, that numerous violations of the terms of the suspended judgment were established by a preponderance of the evidence. A full list of those violations is not needed, but a few of the more significant ones are telling. Respondent was discharged for failing to comply with mandated mental health treatment after she absented herself from counseling sessions for several months. She repeatedly failed to participate in drug screening and, when she did participate, twice tested positive for marihuana. She was unapologetic about her marihuana use, indicating that she felt it was therapeutic notwithstanding warnings that it interfered with her psychiatric medications. Respondent missed multiple visits with the child, upset the child by arguing with the child's father when the visits did occur and had difficulty providing healthy food for the child despite attempts to help her with budgeting issues. She also failed to consistently maintain safe, clean housing that was appropriate for the child and, at one point during the period of the suspended judgment, moved into a residence that did not meet quality standards as required to obtain rental assistance. Petitioner, in short, established that respondent had violated the terms of the suspended judgment in varied and significant ways (see Matter of Joseph QQ. [Karissa RR.], 161 AD3d at 1253; Matter of Jason H. [Lisa K.], 118 AD3d 1066, 1067-1068 [2014]; Matter of Cole WW. [Amanda WW.], 106 AD3d 1408, 1409-1410 [2013], lv denied 21 NY3d 865 [2013]).
Nevertheless, violations that could warrant a revocation of the suspended judgment and termination of parental rights do not automatically have that effect (see Matter of Dominique VV. [Kelly VV.], 145 AD3d at 1126). It is instead the best interests of the child, which is "relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment," that determines the appropriate disposition (Matter of Amber AA., 301 AD2d 694, 696 [2003]; see Family Ct Act § 631; 22 NYCRR 205.50 [d] [5]; Matter of Krystal B. [Thomas B.], 77 AD3d 1110, 1111 [2010]). Family Court did not make a best interests finding and, absent hearing evidence relating to "the child[]'s present circumstances and relationship with [respondent] and the effect upon the[] [child] of the termination of [respondent's] parental rights and [the child's] potential adoption," it is unclear how Family Court could have done so (Matter of Jordan Amir B., 15 AD3d 477, 479 [2005]; see Matter of Krystal B. [Thomas B.], 77 AD3d at 1111). This lack of relevant information likewise precludes us from exercising our authority "to review the facts [that] is as broad as that of Family Court" (Matter of David R., 39 AD3d 1187, 1188 [2007]; see Matter of Krystal B. [Thomas B.], 77 AD3d at 1111). Thus, we have little choice but to remit this matter "to Family Court for a full dispositional hearing to discern the best interests of the child[]" (Matter of Krystal B. [Thomas B.], 77 AD3d at 1111).
Clark, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as terminated respondent's parental rights; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, respondent is to abide by the terms and conditions of the suspended judgment; and, as so modified, affirmed.



Footnotes

Footnote 1:Petitioner also sought to revoke the suspended judgment and terminate the parental rights of the child's father, and he eventually surrendered his parental rights.