Matter of Markel C. (Kwanza H.) (2019 NY Slip Op 03332)





Matter of Markel C. (Kwanza H.)


2019 NY Slip Op 03332


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-12958
 (Docket Nos. N-12386-10, B-3657-13)

[*1]In the Matter of Markel C. (Anonymous). Nassau County Department of Social Services, respondent; Kwanza H. (Anonymous), appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi M. Kunzig and Robert F. Van der Waag of counsel), for respondent.
Theresa Kloeckener, Lynbrook, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated November 28, 2016. The order, after a hearing, revoked a suspended judgment of the same court dated January 22, 2015, terminated the mother's parental rights, and committed the guardianship and custody of the subject child to the Commissioner of the Nassau County Department of Social Services for the purpose of adoption.
ORDERED that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a dispositional hearing and a new disposition thereafter.
In November 2010, the subject child was removed from the mother's custody based upon allegations that she had failed to provide adequate medical assistance to the child, resulting in the child being severely malnourished and dehydrated. The child, who was then three years old, weighed only 13 pounds when he was removed from the mother's custody. On June 29, 2011, the mother consented to a finding of neglect without admission and agreed to a final order of supervision by the Nassau County Department of Social Services (hereinafter DSS) with the child remaining in DSS custody. On April 18, 2013, DSS filed a petition to terminate the mother's parental rights, alleging that she had permanently neglected the child by failing to plan for the return of the child although physically and financially able to do so. The mother admitted that she failed to plan for the return of the child for at least one year after the child came into DSS custody, and she agreed to comply with numerous conditions in a suspended judgment dated January 22, 2015, which was to be in effect for one year.
On May 18, 2015, DSS moved to revoke the suspended judgment on the ground that the mother had violated at least six of the judgment's conditions. DSS alleged, inter alia, that the mother failed to cooperate with its efforts to reintegrate the child into the mother's family, failed to [*2]accept services to assist her in managing the challenges associated with parenting a special needs child, failed to share the child's medical and educational information with preventive service providers, failed to provide stable housing, failed to seek out and attend a parental support group, failed to inform DSS of problems related to her housing, and failed to accept preventative services for her other children. After a hearing, the Family Court found that the mother had violated six of the conditions of the suspended judgment and that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption. In an order dated November 28, 2016, the court revoked the suspended judgment, terminated the mother's parental rights, and committed the child to the custody of DSS for the purpose of adoption. The mother appeals.
The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence adduced, that the parent failed to comply with one or more of the conditions of the suspended judgment (see Matter of Phoenix D.A. [Jessie A.], 123 AD3d 823; Matter of Kimble G., II [Kimble G.], 108 AD3d 534). The best interests of the child, however, remain relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment (see Matter of Shdell Shakell L., 51 AD3d 1027). Here, the preponderance of the evidence supported a finding that the mother failed to comply with certain conditions of the suspended judgment. However, the evidence did not support the Family Court's conclusion that it was in the child's best interests to terminate the mother's parental rights.
Throughout most of the hearing, ths child was living in a residential children's home (see Matter of Skyler G. [Heather G.], 157 AD3d 787). The record evidence demonstrated that the mother had learned how to provide the special care that the child needs and that the mother was emotionally attuned to the child's needs (cf. Matter of Angelica W. [Dorothy W.], 80 AD3d 772). Furthermore, the mother obtained stable housing and engaged in counseling (cf. Matter of Megan L.G.H. [Theresa G.H.], 102 AD3d 869). While the mother expressed her distrust of the preventive services workers and refused to provide releases for her other children's schools, the evidence demonstrated that the mother never denied the preventive services workers access to her home or to her other children.
The mother also made progress in addressing the issues that led to the child being removed from her custody by taking responsibility for the initial neglect that led to the child being removed from her care. Moreover, the mother has cooperated with other services and providers. In addition, the record demonstrates that the mother genuinely loves the child and has shown vigilance in attending to his needs. The testimony at the hearing demonstrated that the mother's interaction with the child was appropriate, the visits were going well, and the interaction between the mother and the child has been positive. The record further demonstrates that the child's siblings are connected to him and desire for him to return to the home. Finally, the mother has a support system in place that she had not had previously.
Under these circumstances, we find that termination of the mother's parental rights was not in the best interests of the child. Accordingly, we remit the matter to the Family Court, Nassau County, for a dispositional hearing to determine the best interests of the child and a new disposition thereafter (see Matter of Skyler G. [Heather G.], 157 AD3d at 789; Matter of Isabella M. [Benida M.], 147 AD3d 1061, 1062).
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court