Matter of Nahlaya MM. (Britian MM.) (2019 NY Slip Op 03418)





Matter of Nahlaya MM. (Britian MM.)


2019 NY Slip Op 03418


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526546

[*1]In the Matter of NAHLAYA MM., a Permanently Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRITIAN MM., Appellant. (Proceeding No. 1.) (And Another Related Proceeding.)
In the Matter of NAHLAYA MM., a Permanently Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ZAIANNA LL., Appellant. (Proceeding No. 3.) (And Another Related Proceeding.)

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Christopher Hammond, Cooperstown, for Britian MM., appellant.
Lisa K. Miller, McGraw, for Zaianna LL., appellant.
L. Crary Myers, Chemung County Department of Social Services, Elmira, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered March 9, 2018, which, in four proceedings pursuant to Social Services Law § 384-b, granted petitioner's motions to revoke a suspended judgment, and terminated respondents' parental rights.
Respondent Britian MM. (hereinafter the father) and respondent Zaianna LL. (hereinafter the mother) are the unmarried parents of, as relevant here, two children (born in 2014 and 2015)[FN1]. In 2015, petitioner filed separate neglect petitions with respect to the children — which were subsequently consolidated — and the father and the mother ultimately consented to a finding of neglect as to both children, and Family Court entered a one-year order of supervision [FN2]. In 2016, petitioner commenced two separate permanent neglect proceedings — one against the father and one against the mother — with respect to the older child and, in 2017, commenced two separate permanent neglect proceedings against the father and the mother with regard to the younger child. Following a fact-finding hearing on all four petitions, Family Court adjudged the children to be permanently neglected and, following a dispositional hearing, issued a one-year suspended judgment on October 6, 2017 with respect to both parents. Seventeen days later, petitioner moved to revoke the suspended judgment as to each parent and terminate their parental rights. In December 2017, following a hearing, Family Court granted petitioner's motion and terminated the parental rights of both the mother and the father. The mother and the father both appeal, contending that Family Court's revocation of the suspended judgment is not supported by a sound and substantial basis in the record and that termination of their parental rights is not in the best interests of the children.
As relevant here, "[a] suspended judgment provides a parent, previously found to have permanently neglected his or her child[ren], with a brief grace period within which to become a fit parent with whom the child[ren] can be safely reunited" (Matter of Alexandria A. [Ann B.], 93 AD3d 1105, 1106 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 805 [2012]; see Matter of Michael B., 80 NY2d 299, 311 [1992]; Matter of Max HH. [Kara FF.], 170 AD3d 1456, 1457 [2019]). If it is proven by a preponderance of the evidence that the parent failed to comply with the terms and conditions of the suspended judgment during the provided grace period, Family Court may revoke the suspended judgment and terminate a parent's parental rights (see Matter of Joseph QQ. [Karissa RR.], 161 AD3d 1252, 1252 [2018], lv denied 31 NY3d 912 [2018]; Matter of Jerhia EE. [Benjamin EE.], 157 AD3d 1017, 1018 [2018]). Family Court's findings are to be accorded great deference and will not be disturbed as long as they are supported by a sound and substantial basis in the record (see Matter of Dominique VV. [Kelly VV.], 145 AD3d 1124, 1125 [2016], lv denied 29 NY3d 901 [2017]; Matter of Donte LL. [Crystal LL.], 141 AD3d 907, 908 [2016]).
The terms of the suspended judgment against the mother required her to, among other things, sign certain releases, notify petitioner of any changes in address, engage in alcohol and drug treatment with Trinity of Chemung County and enroll in certain programs through Family Services of Chemung County, including mental health counseling and protective parenting and domestic violence programs. She was also required to attend all visits with the children, attend their medical appointments and maintain a stable, safe and sanitary home. In support of the motions, petitioner offered the testimony of the foster care caseworker who has been working with the mother and the father since early 2016. With regard to the mother's engagement in services, the caseworker testified that she had not received a return call from Trinity prior to the hearing and, as such, she was not aware whether the mother had engaged in any alcohol and drug treatment. The mother, however, testified that she made an appointment for an intake at Trinity [*2]prior to the filing of the subject motion and had thereafter commenced treatment on November 3, 2017. The caseworker also testified that, as she had also not heard back from the mother's Family Services counselor, she had no information as to whether the mother was engaged in either the protective parenting or the domestic violence programs. With regard to mental health counseling, the mother alleged that she had called and made an appointment prior to the filing of the subject motion, and the caseworker confirmed that the mother did attend an initial intake on November 17, 2017; however, the caseworker was unaware if the mother was following up with any recommended treatment as she had not spoken with the mother's Family Services counselor.
Petitioner did not present evidence as to specific dates that the mother allegedly failed to attend the children's medical appointments since issuance of the October 6, 2017 suspended judgment, and the caseworker acknowledged that the mother ultimately signed all necessary releases. Moreover, petitioner acknowledged that the mother's counsel provided it with the mother's updated address at the October 25, 2017 court appearance. No evidence was offered with regard to the mother's ability to maintain a safe and suitable home for the children, and the caseworker acknowledged that the mother was working with a counselor to find housing and had been determined to be eligible for a one-bedroom apartment. Although the caseworker testified that the mother had missed three visitations with her children and had been approximately 10 minutes late for two other visitations, this proof involved conduct that occurred after the filing of the subject motion and, therefore, should not have been considered during the fact-finding hearing (cf. Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1161 [2015], lv denied 25 NY3d 914 [2015]; Matter of Ashley X., 50 AD3d 1194, 1196 [2008])[FN3]. Although we appreciate the fact that Family Court intended to give the mother a short leash based on her history of noncompliance with programs essential to her reunification with the children, nearly all of petitioner's allegations against the mother relied on conduct that either predated issuance of the underlying suspended judgment or occurred after the motion was filed. Moreover, it appears that the mother was making genuine efforts to comply with the terms of the suspended judgment. The caseworker even acknowledged that it takes some time to conduct an intake and enroll in classes for the required programs. Given the short time between issuance of the suspended judgment and the filing of the subject motion, the mother could not have completed the required programs despite any good-faith efforts she may have made. Accordingly, under the circumstances, we find that petitioner failed to demonstrate by preponderance of the evidence that the mother violated the terms and conditions of the suspended judgment during the applicable grace period (compare Matter of Cecilia P. [Carlenna Q.], 163 AD3d 1095, 1095 [2018]). Therefore, Family Court's revocation of the suspended judgment and termination of the mother's parental rights lacks a sound and substantial basis in the record.
With regard to the father, although we find that Family Court's determination revoking the suspended judgment is supported by a sound and substantial basis in the record based upon the father's failure to, among other things, obtain a government-issued identification so as to enable him to engage in the services mandated in the suspended judgment, such noncompliance "does not automatically result in termination of his . . . parental rights" (Matter of Krystal B. [Thomas B.], 77 AD3d 1110, 1110-1111 [2010]; see Matter of Cecilia P. [Carlenna Q.], 163 AD3d at 1096). Rather, even at this stage of the proceedings, Family Court was required to consider the best interests of the children (see Matter of Cecilia P. [Carlenna Q.], 163 AD3d at 1096; Matter of Amber AA., 301 AD2d 694, 698 [2003]; compare Matter of Grace Q., 200 AD2d 894, 896 [1994]). Here, no dispositional hearing was held following the December 2017 fact-finding hearing, and Family Court did not render a best interests determination as part of its March 2018 decision and order. Further, the staff that supervised the children's visitation with the parents was not called to testify at the hearing, and no testimony was given by the foster mother or anyone else regarding the children's present circumstances, the children's relationship and bond with the parents, the children's relationship and bond with the foster family and/or the effect that termination of the parents' parental rights might have on the children such that Family [*3]Court could not have determined their best interests, and we are unable to render an independent determination in that regard (see Matter of Cecilia P. [Carlenna Q.], 163 AD3d at 1096). Accordingly, on the record before us, as to the father, we are constrained to remit this matter to Family Court for a dispositional hearing to discern the best interests of the children (see id. at 1097; Matter of Krystal B. [Thomas B.], 77 AD3d at 1111).
Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by (1) reversing so much thereof as granted the motion to revoke the suspended judgment and terminate the parental rights of respondent Zaianna LL., and (2) reversing so much thereof as terminated the parental rights of respondent Britian MM.; petition dismissed as to respondent Zaianna LL., and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision as to respondent Britian MM. and, pending said proceedings, respondent Britian MM. is to abide by the terms and conditions of the suspended judgment; and, as so modified, affirmed.



Footnotes

Footnote 1: During the pendency of these proceedings, the mother and the father had a third child (born in 2017). The mother also has another older child and the father has three other children. None of these children are the subjects of these proceedings.

Footnote 2: As part of the disposition, Family Court also entered a stay away order of protection against the father, which allowed the father contact with the older child only during supervised visits as arranged by petitioner.

Footnote 3: Nor did petitioner file a motion to conform the pleadings to the proof (cf. Matter of Evelyn EE. v Ayesha FF., 143 AD3d 1120, 1126 n 7 [2016], lv denied 28 NY3d 913 [2017]).