Matter of Aryelle L.F. (Forestdale, Inc.--Esperanza F.F.) (2019 NY Slip Op 07067)





Matter of Aryelle L.F. (Forestdale, Inc.--Esperanza F.F.)


2019 NY Slip Op 07067


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-08370
 (Docket No. B-8639/16)

[*1]In the Matter of Aryelle L. F. (Anonymous). Forestdale, Inc., respondent; Esperanza F. F. (Anonymous), appellant.


Tennille M. Tatum-Evans, New York, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (John Cappiello of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (John M. Hunt, J.), dated May 4, 2018. The order, insofar as appealed from, terminated the mother's parental rights and freed the subject child for adoption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Family Court found that the mother permanently neglected the subject child and a suspended judgment dated June 28, 2017, was entered against her. Several months later, the petitioner moved to terminate the mother's parental rights and to free the child for adoption, alleging that the mother had violated the conditions of the suspended judgment. Following a combined fact-finding and dispositional hearing, the Family Court, inter alia, determined that the mother had failed to comply with at least one of the conditions of the suspended judgment, terminated her parental rights, and freed the child for adoption. The mother appeals. We affirm insofar as appealed from.
By enacting Family Court Act §§ 631(b) and 633, the Legislature vested the Family Court with discretion to give a "second chance" (Matter of Michael B., 80 NY2d 299, 311) to a parent of a "permanently neglected child" (Family Ct Act § 611; Social Services Law § 384-b[7]), before terminating the parent's parental rights (see Matter of Michael B., 80 NY2d at 311; Matter of Arianna I. [Roger I.], 100 AD3d 1281, 1283-1284). It is not, however, intended to be indefinite, but only to afford the parent "a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d at 311). Even after a suspended judgment is entered, the court may revoke it if, after a hearing, it finds by a preponderance of the evidence that the parent failed to comply with one or more of its conditions (see Matter of Malik S. [Jana M.], 101 AD3d 1776, 1777; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129, 1129; Matter of Carmen [*2]C. [Margarita N.], 95 AD3d 1006, 1008). " The best interests of the child . . . remain relevant at all stages of a permanent neglect proceeding, including at the revocation of a suspended judgment'" (Matter of Isabella M. [Benida M.], 147 AD3d 1061, 1062, quoting Matter of Phoenix D.A. [Jessie A.], 123 AD3d 823, 824; see Matter of Phoenix D.A. [Jessie A.], 143 AD3d 701, 702).
We agree with the Family Court's determination that the mother failed to comply with certain conditions of the suspended judgment (see Matter of Kaiden L. [Kdaya R.], 168 AD3d 846, 847; Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 814). We also agree with the court's determination that the best interests of the child would be served by terminating the mother's parental rights and freeing the child for adoption (see Matter of Kaiden L. [Kdaya R.], 168 AD3d at 847; Matter of Phoenix D.A. [Jessie A.], 143 AD3d at 702).
Moreover, contrary to the mother's contention, under the circumstances of this case, the Family Court providently exercised its discretion in determining that a separate dispositional hearing was not required before terminating the mother's parental rights. "The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing, particularly where, as here, the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the child's best interests" (Matter of Kai G. [Janice K.], 126 AD3d 902, 903; see Matter of Breana R.S.[Triana B.-S.], 148 AD3d 1157, 1158).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court