■ In the Matter of DERRICK D.A. SCO FAMILY OF SERVICES et al., Respondents; SHAVONNA L.L.D., Appellant. [22 NYS3d 472]—

Appeal from an order of disposition of the Family Court, Kings County (Lillian Wan, J.), dated January 9, 2015. The order, upon an order of that court dated December 3, 2014, made after a hearing, revoked a suspended judgment of that court dated February 7, 2014, terminated the mother's parental rights, and transferred custody of the subject child to the Commissioner of Social Services of the City of New York and the SCO Family of Services for the purposes of adoption.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 3, 2014, is deemed to be a premature notice of appeal from the order of disposition dated January 9, 2015 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order dated January 9, 2015, is affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813, 813-814 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]). The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (*see Matter of Christyn Ann D.*, 26 AD3d 491, 492 [2006]). Here, the court properly found, by a preponderance of the evidence, that the mother failed to comply with several of the conditions of her suspended judgment (*see Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534, 535 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Michael Phillip T.*, 44 AD3d 1062, 1063 [2007]). The mother's remaining contentions as to this issue are without merit or are not properly before this Court.

Further, the evidence adduced at the dispositional hearing supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (*see* Family Ct Act § 633 [f]; *Matter of Darren V.*, 61 AD3d 986, 988 [2009]; *Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Diana L.*, 299 AD2d 359, 360 [2002]; *Matter of Maldrina R.*, 219 AD2d 723, 724 [1995]). Dillon, J.P., Austin, Roman and Barros, JJ., concur.