■ In the Matter of WILLIAM U.L., JR. NEW ALTERNATIVES FOR CHILDREN, INC., Respondent; RACHEL D.H., Appellant, et al., Respondent. [31 NYS3d 172]—

Appeal from an order of disposition of the Family Court, Queens County (Margaret Parisi McGowan, J.), dated April 16, 2015. The order, upon an order of that court dated March 25, 2014, made after a hearing, revoked a suspended judgment of that court dated January 13, 2014, terminated the mother's parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order dated April 16, 2015, is affirmed, without costs or disbursements.

The petitioner commenced this proceeding to terminate the mother's parental rights on the ground that she had perma-

nently neglected the subject child. In September 2013, the mother consented to a finding of permanent neglect, and a suspended judgment for a period of one year was entered. In February 2014, the petitioner moved to revoke the suspended judgment on the ground that the mother had failed to comply with its terms and conditions and to terminate the mother's parental rights. Following a hearing, the Family Court found that the mother had failed to comply with the terms and conditions of the suspended judgment, revoked the suspended judgment, and terminated the mother's parental rights. The mother appeals.

"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of [its] conditions" (*Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d 928, 929 [2015]; *see Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d 848 [2015]; *Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823, 824 [2014]). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (*Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d at 929). Here, the court properly found, by a preponderance of the evidence, that the mother failed to comply with a condition of her suspended judgment (*see id.*; *Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d at 849; *Matter of Kai G. [Janice K.]*, 126 AD3d 902 [2015]).

Further, the hearing evidence supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free him for adoption by his foster parents (*see* Family Ct Act § 633 [f]; *Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d at 929; *Matter of Aleeyah T.M. [Shalicia A.]*, 127 AD3d 1197, 1198 [2015]; *Matter of Kayla S.-G. [David G.]*, 125 AD3d 980, 981 [2015]).

The mother's remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.