■ In the Matter of SELENA L. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; SUSAN B.L., Appellant. [33 NYS3d 353]—

Appeals from (1) a decision of the Family Court, Kings County (Ilana Gruebel, J.), dated January 24, 2015, and (2) an order of disposition of that court dated February 25, 2015. The order of disposition, upon the decision made after a hearing, revoked a suspended judgment of that court (Arnold Lim, J.) dated November 4, 2010, terminated the mother's parental rights to the subject child, and committed guardianship and custody of the subject child to the petitioner and the Commis-

sioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner commenced this proceeding to terminate the mother's parental rights on the ground that she had permanently neglected the subject child. In October 2010, the mother admitted that she had permanently neglected the child, and a suspended judgment for a period of one year was entered. In July 2011, the petitioner moved to revoke the suspended judgment on the ground that the mother had failed to comply with its terms and conditions. Following a hearing, the Family Court found that the mother had failed to comply with the terms and conditions of the suspended judgment, revoked the suspended judgment, and terminated the mother's parental rights. The mother appeals.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813, 813-814 [2013]). Here, the petitioner established, by a preponderance of the evidence, that the mother failed to comply with all of the conditions of the suspended judgment (*see id.* at 813-814; *Matter of Ricky Joseph V.*, 24 AD3d 683, 684 [2005]). When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. A parent's attempt to comply with the literal provisions of the suspended judgment is not enough (*see Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534, 535 [2013]; *Matter of Darren V.*, 61 AD3d 986, 987 [2009]). Although the mother accepted the services offered to her, including individual and family therapy and domestic violence group counseling, she failed to gain insight into the problems that were preventing the child's return to her care (*see Matter of Shamika K.L.N. [Melvin S.L.]*, 101 AD3d 729, 731 [2012]; *Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1087-1088 [2011]; *Matter of Joquan Jomaine-Anthony V.*, 39 AD3d 868, 869 [2007]). The mother also failed to develop effective communication and parenting skills, as expressly required by the suspended judgment. Furthermore, there was evidence

that the mother allowed the child to have contact with the father of another of her children, despite a provision in the suspended judgment expressly forbidding such contact. Contrary to the mother's contention, the child's out-of-court statements regarding her contact with this individual were admissible evidence on this issue. Inasmuch as a hearing on an alleged violation of a suspended judgment is part of the dispositional phase of a permanent neglect proceeding (*see Matter of Darren V.*, 61 AD3d at 988), hearsay testimony is admissible where, as here, it was material and relevant (*see Matter of Janasia H. [Ebony H.]*, 71 AD3d 1524, 1525 [2010]; *Matter of Ferdinand V.*, 277 AD2d 133 [2000]). There also was evidence that the mother failed to comply with the provisions of the suspended judgment requiring her to obtain a residence that was reasonably satisfactory to the petitioner, and to maintain an adequate source of income to provide for the return of the child.

The petitioner was not required to prove that it had exercised diligent efforts to strengthen the parental relationship and reunify the mother and child, as the mother had previously admitted that she had permanently neglected the child (*see Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d 1129, 1129 [2012]; *Matter of Ayame O.-M.*, 63 AD3d 1069, 1071 [2009]).

Additionally, the evidence supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (*see Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d at 814; *Matter of Ricky Joseph V.*, 24 AD3d at 684).

Accordingly, the Family Court did not err in finding that the mother had violated the terms of a suspended judgment, terminating her parental rights, and freeing the subject child for adoption. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.