■ In the Matter of HYPNOTIC L.D. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; ALEXA R.N., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of HENNESSE A.D. JEWISH CHILD CARE ASSOCIATION OF NEW YORK et al., Respondents; ALEXA R.N., Appellant, et al., Respondent. (Proceeding No. 2.) [43 NYS3d 415]—

Appeals from two orders of disposition of the Family Court, Kings County (Daniel Turbow, J.) (one as to each child), both

dated January 16, 2015. The orders of disposition, after a hearing, revoked an order of suspended judgment of that court dated January 15, 2013, terminated the mother's parental rights, and transferred custody and guardianship of the subject children to the Jewish Child Care Association of New York and to the Commissioner of Children's Services of the City of New York for the purposes of adoption.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (*see Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d 928, 929 [2015]; *Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813, 813-814 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]). The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (*see Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d at 929; *Matter of Christyn Ann D.*, 26 AD3d 491, 492 [2006]). Here, the court properly found, by a preponderance of the evidence, that the mother failed to comply with several of the conditions of her suspended judgment (*see Matter of Derrick D.A.*, 134 AD3d at 929; *Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534, 535 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d at 1008; *Matter of Michael Phillip T.*, 44 AD3d 1062, 1063 [2007]).

Contrary to the mother's contention, the Family Court providently exercised its discretion in determining that a separate dispositional hearing was not required before terminating her parental rights, particularly where, as here, the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the childrens' best interests (*see Matter of Kai G. [Janice K.]*, 126 AD3d 902, 903 [2015]; *Matter of Antoinne T. [April T.]*, 83 AD3d 721 [2011]; *Matter of Darren V.*, 61 AD3d 986, 988 [2009]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.