█ In the Matter of BREANA R.S., Nonparty Appellant. CATHOLIC GUARDIAN SERVICES, Respondent; TRIANA B.-S., Appellant, et al., Respondent. [49 NYS3d 182]—

Appeal by the mother and separate appeal by the child from an order of the Family Court, Kings County (Barbara Salinitro, J.), dated January 7, 2016. The order, after a hearing, in effect, revoked an order of suspended judgment of that court dated July 29, 2013, with respect to the mother, and terminated the mother's parental rights to the subject child.

Ordered that the order dated January 7, 2016, is affirmed, without costs or disbursements.

The petitioner commenced this proceeding to terminate the mother's parental rights on the ground that she had permanently neglected the subject child. The mother admitted that she permanently neglected the child by failing to visit her for a continuous six-month period, and the Family Court entered an order of suspended judgment dated July 29, 2013. The petitioner subsequently filed a petition alleging that the mother had violated the terms of the order of suspended judgment. Following a hearing, the court found that the mother had failed to comply with the terms of the order of suspended judgment and, in effect, revoked the order of suspended judgment as to the mother and terminated the mother's parental rights. Both the mother and the child appeal.

"The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment" (*Matter of Hypnotic L.D. [Alexa R.N.]*, 145 AD3d 720, 721 [2016]; *see Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d 928, 928 [2015]; *Matter of Phoenix D.A. [Jessie A.]*, 123 AD3d 823, 824 [2014]). "When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. A parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (*Matter of Selena L. [Susan B.L.]*, 140 AD3d 769, 770 [2016]). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (*Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d at 928). Here, the court properly found, by a preponderance of the evidence, that the mother failed to comply with the terms of the order of suspended judgment requiring her to attend and complete a substance abuse treatment program and attend scheduled visits with the child (*see Matter of Hypnotic L.D. [Alexa R.N.]*, 145 AD3d 720 [2016]; *Matter of Kimble G., II [Kimble G.]*, 108 AD3d 534 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006 [2012]; *see also Matter of Gianna W. [Jessica S.]*, 96 AD3d 545 [2012]).

Moreover, under the circumstances of this case, the Family Court providently exercised its discretion in determining that a separate dispositional hearing was not required before, in effect, revoking the order of suspended judgment as to the mother and terminating the mother's parental rights. The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing where "the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the child's best interests" (*Matter of Kai G. [Janice K.]*, 126 AD3d 902, 903 [2015]; *see Matter of Hypnotic L.D. [Alexa R.N.]*, 145 AD3d 720 [2016]; *Matter of Darren V.*, 61 AD3d 986 [2009]). Here, the court conducted a full fact-finding hearing on the violation petition, as well as a permanency hearing, and the record shows that it was aware of and considered the child's best interests (*see Matter of Jeremiah J.W. [Tionna W.]*, 134 AD3d 848 [2015]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006 [2012]).

Viewed in totality, the record demonstrates that the mother

was afforded the effective assistance of counsel (*see* Family Ct Act § 262 [a] [i]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *Matter of Alfred C.*, 237 AD2d 517 [1997]). Dillon, J.P., Roman, Cohen and Miller, JJ., concur.