■ In the Matter of HAILEY B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA B., Appellant. (Proceeding No. 1.) In the Matter of KAILYN B. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA B., Appellant. (Proceeding No. 2.) In the Matter of BELICIA W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA B., Appellant. (Proceeding No. 3.) In the Matter of DANIELLE W. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA B., Appellant. (Proceeding No. 4.) [55 NYS3d 910]—

Appeal by the mother from an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated March 18, 2016. The order of disposition, made after a hearing, revoked an order of suspended judgment of that court dated September 30, 2015, terminated the mother's parental rights, and transferred guardianship and custody of the subject children to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In 2015, the Orange County Department of Social Services (hereinafter DSS) commenced the instant proceedings to terminate the mother's parental rights based upon her permanent neglect of the subject children. The mother consented to a finding of permanent neglect, and an order of suspended judgment was issued upon certain conditions. Thereafter, the DSS filed two separate motions seeking to revoke the order of suspended judgment based upon the mother's alleged failure to comply with the conditions of the suspended judgment. After a hearing, the Family Court revoked the order of suspended judgment and terminated the mother's parental rights. The mother appeals.

The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of the

conditions of the suspended judgment (*see Matter of Derrick D.A. [Shavonna L.L.D.]*, 134 AD3d 928, 929 [2015]; *Matter of Mashlai D.M. [Jalisa R.D.]*, 110 AD3d 813, 813-814 [2013]; *Matter of Carmen C. [Margarita N.]*, 95 AD3d 1006, 1008 [2012]). The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (*see Matter of Hypnotic L.D. [Alexa R.N.]*, 145 AD3d 720, 721 [2016]; *Matter of Christyn Ann D.*, 26 AD3d 491, 492 [2006]). Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with several of the conditions of her suspended judgment (*see Matter of Selena L. [Susan B.L.]*, 140 AD3d 769, 770-771 [2016]; *Matter of Darren V.*, 61 AD3d 986, 987 [2009]). Contrary to the mother's contention, the petitioner was not required to prove that it made diligent efforts to strengthen the parental relationship, since the mother previously admitted that she permanently neglected the subject children and that caseworkers had exercised due diligence in working with her (*see Matter of Albert R. [Albert R.]*, 115 AD3d 865, 865 [2014]; *Matter of Chanteau M.R.W. [Pamela R.B.]*, 101 AD3d 1129, 1129 [2012]).

The mother's contention that she was not afforded the effective assistance of counsel is without merit. Viewed in totality, the record demonstrates that the mother received meaningful representation (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088, 1089 [2013]; *Matter of Sean W. [Brittany W.]*, 87 AD3d 1318, 1319 [2011]). Hall, J.P., Roman, Cohen and Barros, JJ., concur.