Appeal from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated October 11, 2016. The order, insofar as appealed from, after a hearing, revoked an order of suspended judgment of that court dated May 11, 2015, terminated the mother’s parental rights to the subject child, and transferred guardianship and custody of the child to the New York Foundling Hospital and the Commissioner of Social Services of the City of New York for the purpose of adoption.
 

 Ordered that the order dated October 11, 2016, is affirmed insofar as appealed from, without costs or disbursements.
 

 In March 2014, the New York Foundling Hospital (hereinafter the petitioner) commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother’s parental rights with respect to the subject child on the ground of permanent neglect. Upon the mother’s admission, the Family Court found that she permanently neglected the child, and an order of suspended judgment was issued upon certain conditions for a period of one year. The petitioner subsequently filed a petition alleging that the mother had violated the conditions of the suspended judgment. At the ensuing hearing, evidence was adduced that the mother had been involuntarily hospitalized after she had failed to inform her therapist or the petitioner that she was experiencing certain symptoms of her mental illness. In addition, she had missed three scheduled appointments or meetings with the child’s health care providers. The court, inter alia, found that the mother failed to comply with certain conditions of the suspended judgment, revoked the order of suspended judgment, terminated the mother’s parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
 

 “The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment” (Matter of Hypnotic L.D. [Alexa R.N.], 145 AD3d 720, 721 [2016]; see Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 928 [2015]). “When determining compliance with a suspended judgment, it is the parent’s obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child. A parent’s attempt to comply with the literal provisions of the suspended judgment is not enough” (Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770 [2016]; see Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158 [2017]; Matter of Kimble G., II [Kimble G.], 108 AD3d 534, 535 [2013]; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008 [2012]).
 

 Here, the Family Court properly found, by a preponderance of the evidence, that the mother failed to comply with certain conditions of the suspended judgment, including the conditions requiring her to “cooperate with mental health treatment and medication management as required by her mental health providers,” and to “participate in and cooperate with all services for the subject child” and “cooperate with recommendations made by said child’s therapists” (see Matter of Selena L. [Susan B.L.], 140 AD3d at 770; Matter of Darren V., 61 AD3d 986, 987 [2009]).
 

 Further, the hearing evidence supported the Family Court’s determination that it was in the best interests of the child to terminate the mother’s parental rights and free him for adoption (see Matter of William U.L. [Rachel D.H.], 139 AD3d 732, 733 [2016]; Matter of Ayame O.-M., 63 AD3d 1069, 1071 [2009]; Matter of Darren V., 61 AD3d at 988).
 

 Dillon, J.P., Austin, Sgroi and Barros, JJ., concur.