Matter of Gabriel M.I. (Steven M.I.) (2018 NY Slip Op 02621)





Matter of Gabriel M.I. (Steven M.I.)


2018 NY Slip Op 02621


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-13113
 (Docket Nos. B-2760-14, B-2761-14)

[*1]In the Matter of Gabriel M. I. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Steven M. I. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Isabelle A. I. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Steven M. I. (Anonymous), appellant. (Proceeding No. 2)


Joseph Petito, Poughkeepsie, NY, for appellant.
James Fedorchak, County Attorney, Poughkeepsie, NY (Laura Gail Skojec of counsel), for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In related neglect proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated November 10, 2016. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the father failed to comply with the terms and conditions of a suspended judgment of the same court dated March 27, 2015, in effect, revoked the suspended judgment, and terminated his parental rights and freed the subject children for adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In March 2015, the father admitted that he permanently neglected the subject children, [*2]and a suspended judgment was entered against him. In October 2015, the petitioner moved to revoke the suspended judgment, terminate the father's parental rights, and free the children for adoption on the ground that the father had failed to comply with the terms and conditions of the suspended judgment. Following fact-finding and dispositional hearings, the Family Court found that the father had failed to comply with the terms and conditions of the suspended judgment, in effect, revoked the suspended judgment, and terminated the father's parental rights and freed the children for adoption. The father appeals.
The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Selena L. [Susan B. L.], 140 AD3d 769, 770). Here, the court properly found, by a preponderance of the evidence, that the father had failed to comply with the conditions of the suspended judgment, including the conditions that he attend weekly visitation with the children, provide the children with appropriate food at those visits, regularly attend therapy, obtain a stable residence apart from the paternal grandmother, and not engage in any criminal behavior (see Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008). Further, the father failed to gain insight into the problems that caused the children's removal and were preventing their return to his care (see Matter of Selena L. [Susan B. L.], 140 AD3d at 770; Matter of Shamika K.L.N. [Melvin S. L.], 101 AD3d 729, 731; Matter of Joquan Jomaine-Anthony V., 39 AD3d 868, 869). Thus, the court properly, in effect, revoked the suspended judgment.
Additionally, the evidence supported the Family Court's determination that it was in the best interests of the children to terminate the father's parental rights and free the children for adoption (see Matter of Ernesto Thomas A., 5 AD3d 380, 381).
The father's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court