Matter of Zahimire E.G. (Lyasia R.B.) (2019 NY Slip Op 02870)





Matter of Zahimire E.G. (Lyasia R.B.)


2019 NY Slip Op 02870


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-05064
 (Docket Nos. B-04221-14/16D, B-04221-14/16E, B-04222-14/16D, B-04222-14/16E)

[*1]In the Matter of Zahimire E.G. (Anonymous). Dutchess County Department of Social Services, respondent; Lyasia R.B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Zy'ashia D.D. B.G. (Anonymous). Dutchess County Department of Social Services, respondent; Lyasia R.B. (Anonymous), appellant. (Proceeding No. 2)


Carol Kahn, New York, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Laura Gail Skojec of counsel), for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In two related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated March 26, 2018. The order, after a hearing, in effect, revoked a suspended judgment of the same court dated December 9, 2015, as extended by an amended order of the same court dated September 23, 2016, terminated the mother's parental rights, and freed the subject children for adoption.
ORDERED that the order dated March 26, 2018, is affirmed, without costs or disbursements.
In August 2014, the petitioner commenced these related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights with respect to the subject children on the ground of permanent neglect. Upon the mother's admission, the Family Court found that the mother permanently neglected the subject children, and a suspended judgment was issued upon certain conditions for a period of six months. The suspended judgment was then extended for an additional six months by an amended order dated September 23, 2016. The petitioner subsequently alleged that the mother had violated multiple conditions of the suspended judgment. After a hearing, the court found that the mother had failed to comply with the terms and conditions of the suspended judgment, in effect, revoked the suspended judgment, terminated the mother's parental rights, and freed the children for adoption. The mother appeals.
The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770). Here, we agree with the court's finding, upon a preponderance of the evidence, that the mother had failed to comply with several of the conditions set forth in the suspended judgment (see id. at 770; Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 814; Matter of Carmen C. [Margarita N.], 95 AD3d 1006, 1008). Further, the mother failed to gain insight into the problems that caused the removal of the children and were preventing their return to her care (see Matter of Selena L. [Susan B.L.], 140 AD3d at 770; Matter of Shamika K.L.N. [Melvin S.L.], 101 AD3d 729, 731; Matter of Joquan Jomaine-Anthony V., 39 AD3d 868, 869). Thus, we agree with the court, in effect, revoking the suspended judgment.
The record supports the Family Court's determination that it was in the best interests of the children to terminate the mother's parental rights and free the children for adoption (see Matter of Ernesto Thomas A., 5 AD3d 380, 381).
The mother's remaining contention is without merit.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court