Matter of Kafayat N. D. (Karlene N. D.) (2019 NY Slip Op 05528)





Matter of Kafayat N. D. (Karlene N. D.)


2019 NY Slip Op 05528


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02276
 (Docket No. B-7551-14)

[*1]In the Matter of Kafayat N. D. (Anonymous). Children's Aid Society, petitioner-respondent; Karlene N. D. (Anonymous), appellant, et al., respondent.


Deana Balahtsis, New York, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (John Cappiello of counsel), for petitioner-respondent.
Jennifer Marshall, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Kings County (Lillian Wan, J.), dated December 4, 2017. The order of disposition, insofar as appealed from, after a hearing, revoked a suspended judgment of the same court (Alan Beckoff, J.), dated June 1, 2016, terminated the mother's parental rights, and freed the subject child for adoption.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
In 2014, the petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights with respect to the subject child on the ground of permanent neglect. After a hearing, the Family Court found that the mother permanently neglected the child, and issued a suspended judgment upon certain conditions for a period of one year.
The petitioner subsequently alleged that the mother had violated multiple conditions, and sought revocation of the suspended judgment and termination of the mother's parental rights. After a hearing, the Family Court found that the mother failed to comply with multiple conditions and that termination of the mother's parental rights was in the best interests of the child. By order of disposition dated December 4, 2017, the court, inter alia, revoked the suspended judgment, terminated the mother's parental rights, and freed the child for adoption. The mother appeals.
The Family Court may revoke a suspended judgment after a violation hearing if it finds, upon a preponderance of evidence, that the parent failed to comply with one or more of its conditions (see Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770). Here, we agree with the court's finding, by a preponderance of the evidence, that the mother failed to comply with multiple conditions set forth in the suspended judgment (see id.; Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d 813, 814; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129, 1129; Matter of [*2]Carmen C. [Margarita N.], 95 AD3d 1006, 1008). Thus, we agree with the court's determination to revoke the suspended judgment.
Additionally, the evidence supported the Family Court's determination that it was in the best interests of the child to terminate the mother's parental rights and free the child for adoption (see Family Ct Act § 631; Matter of Mashlai D.M. [Jalisa R.D.], 110 AD3d at 814; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d at 1129).
The mother's remaining contention is without merit.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court