Matter of Ashantewa P.W.L. (Doris L.) (2019 NY Slip Op 05665)





Matter of Ashantewa P.W.L. (Doris L.)


2019 NY Slip Op 05665


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08021
 (Docket Nos. B-6858-16/17B, B-6858-16/17C)

[*1]In the Matter of Ashantewa P. W. L. (Anonymous). Westchester County Department of Social Services, respondent; Doris L. (Anonymous), appellant.


Carl D. Birman, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and Eileen Campbell O'Brien of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered March 29, 2018. The order, after a hearing, revoked a suspended judgment of the same court entered May 18, 2017, terminated the mother's parental rights, and freed the subject child for adoption.
ORDERED that the order entered March 29, 2018, is affirmed, without costs or disbursements.
The Family Court may revoke a suspended judgment after a hearing if it finds, upon a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Markel C. [Kwanza H.], 172 AD3d 709; Matter of Phoenix D.A. [Jessie A.], 123 AD3d 823; Matter of Kimble G., II [Kimble G.], 108 AD3d 534). "When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the child" (Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770). "A parent's attempt to comply with the literal provisions of the suspended judgement is not enough" (id. at 770; see Matter of Kimble G., II [Kimble G.], 108 AD3d at 535; Matter of Darren V., 61 AD3d 986, 987). The best interests of the child remain relevant at all stages of a proceeding to terminate parental rights on the ground of permanent neglect, including proceedings for the revocation of a suspended judgment (see Matter of Markel C. [Kwanza H.], 172 AD3d at 710; Matter of Shdell Shakell L., 51 AD3d 1027, 1028).
Here, the suspended judgment contained a finding, made upon the mother's consent, that the mother permanently neglected the subject child. At the violation hearing, the petitioner established, by a preponderance of the evidence, that although the mother complied with the literal terms of the suspended judgment, she failed to gain insight into the problems which led to the child's removal (see Matter of Selena L. [Susan B.L.], 140 AD3d at 770). Furthermore, the hearing evidence supported the Family Court's determination that, upon revoking the suspended judgment, it was in the best interests of the child to terminate the mother's parental rights and free the child for [*2]adoption (see id. at 771; Matter of William U.L. [Rachel D.H.], 139 AD3d 732, 733).
Accordingly, we agree with the Family Court's determination to revoke the suspended judgment, terminate the mother's parental rights, and free the child for adoption.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court