Matter of Naturel W. E. (Andre C.) (2019 NY Slip Op 07579)





Matter of Naturel W. E. (Andre C.)


2019 NY Slip Op 07579


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-06972
2018-06973
2018-06974
2018-06975
 (Docket Nos. B-23131-12, B-24584-08, B-23130-12, B-24585-08)

[*1]In the Matter of Naturel W. E. (Anonymous), etc. Little Flower Children and Family Services of New York, petitioner-respondent; Andre C. (Anonymous), etc., appellant, et al., respondent-respondent. (Proceeding No. 1.)
In the Matter of Allah S. C.-E. (Anonymous), etc. Little Flower Children and Family Services of New York, petitioner-respondent; Andre C. (Anonymous), etc., appellant, et al., respondent-respondent. (Proceeding No. 2.)
In the Matter of Harmony M. E. (Anonymous), etc. Little Flower Children and Family Services of New York, petitioner-respondent; Andre C. (Anonymous), etc., appellant, et al., respondent-respondent. (Proceeding No. 3.)
In the Matter of Baby Girl C. (Anonymous), etc. Little Flower Children and Family Services of New York, petitioner-respondent; Andre C. (Anonymous), etc., appellant, et al., respondent-respondent. (Proceeding No. 4.)


John Macklin, New Hyde Park, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.
Laura T. Duncan, Jamaica, NY, attorney for the children Natural W. E. and Harmony M. E.
Lewis S. Calderon, Jamaica, NY, attorney for the child Allah S. C.-E.
Joseph A. Fredericks, N. Bellmore, NY, attorney for the child Baby Girl C.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from four orders of the Family Court, Queens County (Carol A. Stokinger, J.) (one as to each child), each dated April 20, 2018. The orders, after a hearing, inter alia, revoked the suspended judgments contained in four orders of the same court (one as to each child), each dated September 17, 2015, and [*2]terminated the father's parental rights as to the subject children.
ORDERED that the orders are affirmed, without costs or disbursements.
In November 2008, the Family Court granted the petitioner's motion for summary judgment finding that the father had derivatively abused Allah S. C.-E., Baby Girl C., and Naturel W. E. based upon, inter alia, a coroner's finding that the death of their sibling while in the father's care was a homicide, and the father's conviction, upon his plea of guilty, of endangering the welfare of a minor (see Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 678). In February 2012, the court granted the petitioner's motion for summary judgment with respect to Harmony M. E., finding that the father had also derivatively abused her (see id. at 678).
Thereafter, the petitioner filed petitions as to each of the four subject children pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the father on the ground of permanent neglect. In four orders, each dated September 17, 2015, the Family Court concluded, among other things, that the father had permanently neglected Allah, Baby Girl, Naturel, and Harmony and entered suspended judgments against him for one year. On September 29, 2016, the court extended the suspended judgments as to each of the children for an additional 12 months on the same terms as enumerated in the original suspended judgments.
In August 2017, the petitioner moved to terminate the father's parental rights, alleging that he had violated the terms of the suspended judgments. After a hearing, the Family Court granted the motion finding that the father violated the terms of the suspended judgments, and that it was in the children's best interests to terminate the father's parental rights as to each of the children. The father appeals.
The legislature vested the Family Court with discretion to enter a suspended judgment "to give a second chance' (Matter of Michael B., 80 NY2d 299, 311) to a parent of a permanently neglected child' (Family Ct Act § 611; Social Services Law § 384-b[7]), before terminating the parent's parental rights" (Matter of Kaiden L. [Kdaya R.], 168 AD3d 846, 847; see Matter of
Carmen C. [Margarita N.], 95 AD3d 1006, 1008). "[A]n order suspending judgment must set forth the . . . terms and conditions of the suspended judgment' so that the Family Court may determine whether the parent has violated it" (Matter of Jesse D. [John J.D.], 109 AD3d 990, 991, quoting Family Ct Act § 633[c] [citation omitted]; see Matter of Kaiden L. [Kdaya R.], 168 AD3d at 847; Matter of Layante Nytara Ashanti M., 6 AD3d 617, 618).
Here, the father failed to preserve his contention that the extended suspended judgments did not sufficiently set forth their terms. In any event, the orders at issue specifically referenced the prior suspended judgments which clearly set forth the conditions with which the father was required to comply (see Matter of W. Children, 226 AD2d 385, 386; see also Matter of Robert P. [Sherri P.], 132 AD3d 1032, 1033; Matter of Dashaun G. [Diana B.], 117 AD3d 1526, 1527).
A court may revoke a suspended judgment if, "after a hearing, it finds by a preponderance of the evidence that the parent failed to comply with one or more of its conditions" (Matter of Kaiden L. [Kdaya R.], 168 AD3d at 847; see Matter of Gabriel M.I. [Steven M.I.], 160 AD3d 858, 859; Matter of Ethan A.R. [Noelle M.R.], 156 AD3d 791, 792; Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158). Here, we agree with the Family Court's determination that the father failed to comply with the conditions during the term of the suspended judgments (see Matter of Ethan A.R. [Noelle M.R.], 156 AD3d at 792; Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770; Matter of Darren V., 61 AD3d 986, 987). We also agree with the court's determination that the best interests of the children would be served by terminating the father's parental rights.
Contrary to the father's contention, a separate dispositional hearing was not required before revoking the orders of suspended judgment and terminating his parental rights (see e.g. Matter of Breana R.S. [Triana B.-S.], 148 AD3d at 1158; Matter of Hypnotic L.D. [Alexa R.N.], 145 AD3d 720-721; Matter of Carmen C. [Margarita N.], 95 AD3d at 1008-1009; Matter of Darren V., 61 AD3d at 988). The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing where, as here, the record demonstrates that " the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the child[ren]'s best interests'" (Matter of Breana R.S. [Triana B.-S.], 148 AD3d at 1158, quoting Matter of Kai G. [Janice K.], 126 AD3d 902, 903; see Matter of [*3]Hypnotic L.D. [Alexa R.N.], 145 AD3d at 721; Matter of Darren V., 61 AD3d at 988).
The father's remaining contention is without merit.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court