Matter of Jason A. (Maritza L.G.) (2019 NY Slip Op 08560)





Matter of Jason A. (Maritza L.G.)


2019 NY Slip Op 08560


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-04254 
2018-13431
 (Docket Nos. B-13431-15, B-13434-15, B-13435-15, B-13436-15, B-13437-15, B-13438-15, B-13440-15)

[*1]In the Matter of Jason A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Maritza L. G. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Julio A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Maritza L. G. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Jerrys A. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Maritza L. G. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Naidelys R. (Anonymous). Westchester County Department of Social Services, respondent; Maritza L. G. (Anonymous), appellant. (Proceeding No. 4)


J. Henry Neale, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and Loren Zeitler of counsel), for petitioner-respondent in Proceeding Nos. 1, 2, and 3 and respondent in Proceeding No. 4.
Joseph Petito, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of disposition of the Family Court, Westchester County (Hal B. Greenwald, J.), entered March 16, 2018, and (2) an order of disposition of the same court also entered March 16, 2018. The first order of disposition, insofar as appealed from, upon the mother's consent to findings of permanent neglect, and after a dispositional hearing, terminated the mother's parental rights as [*2]to the subject children Jason A., Julio A., and Jerrys A. on the ground of permanent neglect, and transferred guardianship and custody of those children to the petitioner for the purpose of adoption. The second order of disposition, upon the mother's consent to a finding of permanent neglect, and after a dispositional hearing, terminated the mother's parental rights as to the subject child Naidelys R. on the ground of permanent neglect, and transferred guardianship and custody of that child to the petitioner for the purpose of adoption.
ORDERED that the first order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings to terminate the mother's parental rights. The mother consented to findings that she permanently neglected the subject children. After a dispositional hearing, the Family Court terminated the mother's parental rights and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother appeals.
The mother's admission to having permanently neglected the children satisfied the burden of proof necessary for the Family Court's finding of permanent neglect against her (see Matter of Amber L.M. [Cheryl M.], 167 AD3d 746, 747; Matter of Adam L. [Marie L.-K.], 97 AD3d 581, 582).
"At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the [children]" (Matter of Phoenix D.A. [Jessie A.], 143 AD3d 701, 702; see Family Ct Act § 631; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 895). " The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity'" (Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158, quoting Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, there is a sound and substantial basis in the record for the Family Court's determination that it was in the children's best interests to terminate the mother's parental rights, as termination of parental rights will free the children for adoption, providing them with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299, 310; Matter of Karmer A.E. [Carlos A.E.], 158 AD3d 627, 627).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court