Matter of Marish G. (Maria E. G.) (2023 NY Slip Op 02124)

Matter of Marish G. (Maria E. G.)

2023 NY Slip Op 02124

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-04867
 (Docket Nos. B-5953-19, B-5954-19)

[*1]In the Matter of Marish G. (Anonymous), Little Flower Children and Family Services of New York, respondent; Maria E. G. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Arthur J. G. (Anonymous). Little Flower Children and Family Services of New York, respondent; Maria E. G. (Anonymous), appellant. (Proceeding No. 2.)

Joan N.G. James, Brooklyn, NY, for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated May 25, 2022. The order, after a hearing, found that the mother violated the terms and conditions of the suspended judgments contained in two prior orders of the same court (one as to each child) both dated August 7, 2020, revoked the suspended judgments, and terminated the mother's parental rights.
ORDERED that the order dated May 25, 2022, is affirmed, without costs or disbursements.
The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (see Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929). When determining compliance with a suspended judgment, it is the parent's obligation to demonstrate that progress has been made to overcome the specific problems which led to the removal of the children (see Matter of Darren V., 61 AD3d 986, 987). "[A] parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (Matter of Deysanni H. [Deysanna H.], 156 AD3d 699, 700 [internal quotation marks omitted]). The parent must also have gained insight into the problems that were preventing the children's return to his or her care (see Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770). The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best [*2]position to evaluate their testimony, character, and sincerity (see id. at 770).
Here, a preponderance of the evidence established that the mother failed to comply
with the conditions of the suspended judgments during their one-year terms and that she failed to demonstrate that she had made progress to overcome the specific problems which led to the removal of the subject children (see Matter of Deysanni H. [Deysanna H.], 156 AD3d at 700; Matter of Darren V., 61 AD3d at 987). Thus, the Family Court properly revoked the suspended judgments.
Contrary to the mother's contention, the petitioner was not required to prove that it had exercised diligent efforts to reunify the mother and the children since the mother had previously admitted that she permanently neglected the children (see Matter of Ayame O.-M., 63 AD3d 1069, 1071).
Further, the best interests of the children would be served by terminating the mother's parental rights and freeing them for adoption (see Matter of Charle C.E. [Chiedu E.], 129 AD3d 721, 722). Contrary to the mother's contention, a separate dispositional hearing was not required before revoking the suspended judgments and terminating her parental rights (see e.g. Matter of Breana R.S. [Triana B.-S.], 148 AD3d 1157, 1158). The Family Court may enforce a suspended judgment without the need for a separate dispositional hearing where, as here, the record demonstrates that "'the court has presided over prior proceedings from which it became acquainted with the parties, and the record shows that the court was aware of and considered the child[ren]'s best interests'" (id. at 1158, quoting Matter of Kai G. [Janice K.], 126 AD3d 902, 903).
The mother's remaining contention is without merit.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court