Matter of Ashana R. (Paul R.) (2026 NY Slip Op 00778)

Matter of Ashana R. (Paul R.)

2026 NY Slip Op 00778

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-01707
 (Docket No. B-2763-23/24A)

[*1]In the Matter of Ashana R. (Anonymous). Orange County Department of Social Services, respondent; Paul R. (Anonymous), appellant.

Alex Smith, Middletown, NY, for appellant.
Richard B. Golden, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Kathleen L. Bloom, New Windsor, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated December 12, 2024. The order, after a hearing, found that the father violated the terms and conditions of a suspended judgment contained in an order of the same court dated November 21, 2023, lifted the suspended judgment, terminated the father's parental rights, and transferred custody and guardianship of the subject child to the Orange County Department of Social Services for the purpose of adoption.
ORDERED that the order dated December 12, 2024, is affirmed, without costs or disbursements.
The Orange County Department of Social Services (hereinafter DSS) commenced this proceeding pursuant to Social Services Law § 384-b to terminate the father's parental rights to the subject child on the ground of permanent neglect. In an order dated November 21, 2023, the Family Court found that the father permanently neglected the child and terminated the father's parental rights, but imposed a suspended judgment with certain terms and conditions. Thereafter, DSS moved to find the father to be in violation of the terms and conditions of the suspended judgment, to lift the suspended judgment, and to terminate the father's parental rights. After a hearing, in an order dated December 12, 2024, the court found that the father violated the terms and conditions of the suspended judgment, lifted the suspended judgment, terminated the father's parental rights, and transferred custody and guardianship of the child to DSS for the purpose of adoption. The father appeals.
The Family Court may lift a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment (see Matter of Marish G. [Maria E.G.], 215 AD3d 966, 966; Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929). The court's credibility findings should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity (see Matter of Derrick D.A. [Schavonna L.L.D.], 134 AD3d [*2]at 929; Matter of Christyn Ann D., 26 AD3d 491, 492). Here, the court properly found, by a preponderance of the evidence, that the father failed to comply with several of the terms and conditions of the suspended judgment (see Matter of Hailey B. [Melissa B.], 152 AD3d 677, 678; Matter of Derrick D.A. [Schavonna L.L.D.], 134 AD3d at 929).
Further, the evidence adduced at the hearing supported the Family Court's determination that it was in the child's best interests to terminate the father's parental rights and free the child for adoption (see Matter of William U.L. [Rachel D.H.], 139 AD3d 732, 733; Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d at 929).
The father's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court