Matter of Kristopher A. T. (Amanda T.)

2026 NY Slip Op 02844

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kristopher A. T. (Anonymous), etc. MercyFirst, petitioner-respondent; Amanda T. (Anonymous), appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2025-01922, 2025-01933, 2025-01934, (Docket No. B-25058-19)

Colleen D. Duffy, J.P.

Betsy Barros

Barry E. Warhit

Lisa S. Ottley, JJ.

Richard L. Herzfeld, New York, NY, for appellant.

Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-respondent.

Michael E. Lipson, Garden City, NY, attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of the Family Court, Kings County (Ilana Gruebel, J.), dated January 21, 2025, (2) an amended order of the same court dated January 21, 2025, and (3) an order of the same court dated February 4, 2025. The order dated January 21, 2025, and the amended order, after a hearing, found, inter alia, that the mother violated the terms and conditions of a suspended judgment contained in a so-ordered stipulation dated October 29, 2021. The order dated February 4, 2025, insofar as appealed from, upon the order dated January 21, 2025, and the amended order, in effect, revoked the suspended judgement, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

ORDERED that the appeals from the order dated January 21, 2025, and the amended order are dismissed, without costs or disbursements, as those orders were superseded by the order dated February 4, 2025, and are brought up for review on the appeal from the order dated February 4, 2025; and it is further,

ORDERED that the order dated February 4, 2025, is affirmed insofar as appealed from, without costs or disbursements.

"The Family Court may lift a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of the conditions of the suspended judgment" (Matter of Ashana R. [Paul R.], 246 AD3d 810, 811; see Matter of Marish G. [Maria E.G.], 215 AD3d 966, 966). "[A] parent's attempt to comply with the literal provisions of the suspended judgment is not enough" (Matter of Marish G. [Maria E.G.], 215 AD3d at 966 [internal quotation marks omitted]; see Matter of Selena L. [Susan B.L.], 140 AD3d 769, 770). "The parent must also have gained insight into the problems that were preventing the [*2]children's return to his or her care" (Matter of Marish G. [Maria E.G.], 215 AD3d at 966; see Matter of Frankie L. [Dustin L.], 141 AD3d 657, 658). "The credibility findings of the Family Court should be accorded great deference, as it had direct access to the parties and was in the best position to evaluate their testimony, character, and sincerity" (Matter of Jayce W. [Lucinda J.], 224 AD3d 916, 917 [internal quotation marks omitted]; see Matter of Isabela P. [Jacob P.], 195 AD3d 722, 723).

Here, a preponderance of the evidence established that the mother failed to comply with the conditions of the suspended judgment during its term and that she failed to demonstrate that she had made progress to overcome the specific problems that led to the removal of the subject child (see Matter of Marish G. [Maria E.G.], 215 AD3d at 966; Matter of Frankie L. [Dustin L.], 141 AD3d at 658). Thus, the Family Court properly, in effect, revoked the suspended judgment.

Further, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and free the child for adoption. Contrary to the mother's contention, a separate dispositional hearing was not required before revoking the suspended judgment and terminating her parental rights (see Matter of Naturel W.E. [Andre C.], 176 AD3d 1055, 1057; Matter of Hypnotic L.D. [Alexa R.N.], 145 AD3d 720, 721).

The parties' remaining contentions are without merit.

DUFFY, J.P., BARROS, WARHIT and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court